**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:              October 26, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Justine Kozak

**Criminal Action No.  12-cr-00228-REB**

*Parties:*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  COREY ALAN INNISS,

    Defendant.

*Counsel:*

Barbara Skalla
Stephanie Podolak

Jeralyn Merritt

**SENTENCING MINUTES**

**1:34 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

   congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

  **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the defendant's **Motion for Non-Guideline Sentence (Variance) and/or Downward Departure** [#24] filed October 15, 2012, is **GRANTED IN PART** and **DENIED IN PART**; it is **DENIED** insofar as it seeks a downward departure and is **GRANTED** in part insofar as it seeks a downward sentence variance insofar as the variance is consistent with the foregoing findings and conclusions and the following orders;

    - the government's **Unopposed Motion for Forfeiture Money Judgment and Motion for Preliminary Order of Forfeiture of Substitute Assets** [#29] filed October 22, 2012, is **GRANTED** and the proposed forfeiture money judgment and preliminary order of forfeiture of substitute assets is approved and will be entered by the Court as soon as practicable;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant be sentenced to supervised probation for a term of **three years**, commencing immediately during which the defendant shall be subject to the jurisdiction of this Court and its probation department;

5. That while on supervised probation, the defendant shall comply with the

following conditions of supervised probation:

- all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall perform seventy-five hours of community service at the rate of not less than twenty-five hours for each of the three years of probation, all directed by the probation department;

- that at defendant's expense, the defendant shall be placed on home detention for a period of **ten (10) months**, to commence within twenty-one (21) days of today's date; provided, furthermore, that during this time, the defendant shall remain in or near defendant's place of residence, be subject to any curfew imposed by his probation officer, and not be allowed to leave his residence except for those activities approved in advance by his probation officer; provided furthermore, that the term of home detention shall be secured and monitored by electronic monitoring; the defendant shall cooperate fully with his probation officer and shall take all steps reasonably necessary to facilitate and implement in-home detention;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c); and

9. That immediately following this hearing, the defendant and his counsel shall confer with the probation officer to schedule an appointment to read, review, and sign these required conditions of probation.

Parties state they have no objections to the sentence imposed.

**2:21 p.m.     Court in recess.**

Total time in court:   00:47

Hearing concluded.